Tracie Childs, Bar No. 190806
tracie.childs@ogletree.com
Amy Bianchini, Bar No. 301831
amy.bianchini@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
402 W. Broadway, Suite 400
San Diego, CA 92101
Telephone: 714.800.7900
Facsimile: 714.754.1298

Attorneys for Defendant
STERLING JEWELERS INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA HOFFMAN, on behalf of herself and all other aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>STERLING JEWELERS INC., a Delaware corporation, licensed to do business in the State of California with its principal place of business in the State of Ohio; and DOES 1-100, inclusive<br><br>Defendants. | Case No. **'18 CV 0696 W     WVG**<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1442 & 1332(D)**<br><br>[Filed concurrently with Defendant's Civil Cover Sheet, Notice of Interested Parties/ Disclosure Statement and Declarations of Tracie Childs, Amy Bianchini and Miguel Torres)<br><br>Complaint Filed: November 28, 2017<br>Removed: |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Sterling Jewelers Inc. (hereinafter "Sterling") hereby removes this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332 (d) (the Class Action Fairness Act ("CAFA") and 1446 on the following grounds: (1) Plaintiff Rebecca Hoffman ("Plaintiff") is a "citizen of a state different from any defendant," (2) "the number of members of all proposed plaintiff classes in the aggregate is" over 100, and (3) "the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs." All CAFA requirements are satisfied.

These facts were true when Plaintiff filed her Representative Action Complaint ("Complaint") and remains true as of the date of filing this Notice of Removal, Removal jurisdiction is appropriate as detailed more fully below:

## I.    STATE COURT ACTION

1.    On November 28, 2017, Plaintiff filed her Complaint in the Superior Court of California, County of San Diego, ("Action"). The Action was assigned Case No. 37-2017-00045203-CU-OE-NC. (See Exhibit A to Notice of Removal and Declaration of Tracie Childs In Support of Removal ("Childs' Decl."), ¶2)

2.    On December 18, 2017, Plaintiff provided the Complaint to counsel for Sterling. Sterling accepted service of the Complaint on January 5, 2018. (Childs' Decl., ¶3; Exhibits E & F to Notice of Removal)

3.    Due to the uncertainty of the Complaint and remedies sought therein, and as required under California Code of Civil Procedure 430.41(a), counsel for Defendant met and conferred with counsel for Plaintiff between January 15, 2018, and February 8, 2018, when Plaintiff agreed to amend her Complaint as a result of the lack of certainty. (See Declaration of Amy Bianchini, at ¶ 2) On March 5, 2018,

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1442 & 1332(D)

Plaintiff filed and served her First Amended Complaint ("FAC") (Attached as Exhibit D)  Within her FAC Plaintiff clarified that, in addition to seeking penalties under the Private Attorneys General Act ("PAGA"), she was also seeking penalties under Labor Code §§203 and 226.

## II.    REMOVAL IS TIMELY

4.    Under 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), Defendants' deadline to remove is April 6, 2018.  (*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 US 344, 354 (1999))  This Notice of Removal is timely.

## III.    REMOVAL UNDER CAFA IS PROPER

5.    The Action is removable under CAFA given the allegations and claims. The Complaint asserts claims for: (1) Civil penalties for failure to pay overtime wages in violation of Labor Code §§510 and 1198; (2) civil penalties for failure to pay vested vacation pay upon resignation or termination in violation of Labor Code §227.3; (3) civil penalties for failure to pay all wages owed upon resignation or termination in violation of Labor Code §§201-203; and (4) civil penalties for failure to provide accurate wage statements in violation of Labor Code §226(a).

6.    CAFA grants district courts original jurisdiction over civil class and mass action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of all proposed plaintiff classes or represented in the aggregate is over 100; and where the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs.  (28 U.S.C. §1332(d))  CAFA authorizes removal of such actions under 28 U.S.C. §1446.

7.    This Court has original jurisdiction over the Action under CAFA because it is a civil case filed as a representative action wherein at least Plaintiff or one member of whom she represents is a citizen of a state different from Defendant, the number of members plaintiff represents in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

8.   CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens.   (28 U.S.C. §§1332(d)(2), 1332(d)(5)(B), 1453 (a), (b); *Rodgers v. Central Locating Service, Ltd.,* 2006 U.S. Dist. LEXIS 6255, *7-*8)

9.   At all relevant times, Plaintiff has been a resident of California. (Exhibit D to Notice of Removal, FAC, ¶10)

10.   Under 28 U.S.C. §1332(c), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and the state where it has its principal place of business."  The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction.  (*Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010))  The Court held that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." (*Id.,* at p. 1184)  The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination."  (*Id.*)

11.   Since its incorporation in 1979 under the laws of Delaware, Sterling's headquarters have been in Ohio and its executive management has directed, controlled, and coordinated its activities from there.  Since being registered in California its headquarters have been in Ohio and its executive management has directed, controlled, and coordinated its activities from there.  (Torres' Decl., ¶3)

12.   Minimal diversity is established because, at all relevant times, Plaintiff has been a citizen of California and Defendant has not.  Removal is proper under 28 U.S.C. §1332(d). (*Serrano v. 180 Connect Inc.,* (9th Cir. 2007) 478 F.3d 1018, 1019)

13.   Plaintiff brings this Action on behalf of herself and all other aggrieved employees who are or were employed by Defendant[s] in the state of California at retail stores in the state of California as retail store employees from the period of applicable statute of limitations prior to the date this action was commenced

through the date of trial (referred to as "representative members"). (Exhibit D, FAC, ¶¶1 & 2)

14.   From November 28, 2014, to the present, Defendant employed more than 100 putative representative members.  (Torres' Decl., ¶4)

15.   CAFA authorizes the removal of class and mass action cases in which the amount in controversy for all class or representative members exceeds $5,000,000. (28 U.S.C. §1332(d))

16.   The "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds [$5,000,000]." (*Standard Fire Insurance Co. v. Knowles*, (2013) 133 S.Ct. 1345, 1348)

17.   Among other things, Plaintiff seeks the recovery of penalties wage statement penalties and waiting time penalties on behalf of herself and the representative members.  (Exhibit D, FAC ¶1 & 2, 50-65)  The FAC satisfies the $5,000,000 threshold for CAFA removal.  (See 28 U.S.C. §1332(d))

18.   From November 28, 2016, to the December 29, 2017, Sterling issued 22,436 wage statements to 1,216 unique putative representative members.  (Torres' Decl., ¶5)

19.   From November 28, 2014, to December 29, 2017, the employment of 1,629 putative representative members was severed, either by voluntary resignation or involuntary termination, and the average hourly rate for those putative representative members was more than $13.50 per hours.  (Torres' Decl., ¶6)

20.   Plaintiff seeks statutory penalties for inaccurate wage statements under California Labor Code §226(a) on behalf of herself and all representative members. (Exhibit D, FAC, §§58-64)

21.   A one-year statutory period applies to Plaintiff's claim for wage statement penalties.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1442 & 1332(D)

22.   Labor Code Section 226(e) provides for the greater of all actual damages or $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period.

23.   Based on the relevant data, the amount in controversy for wage statement penalties is in excess of $2,193,600 (1,000 wage statements x $50 = $50,000; 21,436 wage statements x $100 = $2,143,600; $50,000 + $2,143,600 = $2,193,600)

24.   Plaintiff also seeks waiting time penalties under California Labor Code Section 203 on behalf of putative representative members.  (Exhibit D, FAC, ¶¶50-57)

25.   A three-year statutory period applies to Plaintiff's claim for waiting time penalties.

26.   California Labor Code section 203 provides that "[i]f an employer willfully fails to pay…any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

27.   Based on the relevant data, the amount in controversy for waiting time penalties is $5,277,960 ($13.50 x 8 hours x 30 days x 1,629 putative representative members = $5,277,960)

28.   The FAC satisfies the requisite amount of controversy for removal under CAFA, without including the entirety of the alleged time period.

## IV.   VENUE IS PROPER

29.   The Superior Court of California, County of San Diego, is located within the Southern District of California.  (28 U.S.C. §84 (c)(3))  Venue is proper in this Court because it is the district and division embracing the place where the Action is pending.  (28 U.S.C. §1441(a))

///

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1442 & 1332(D)

**V.    SATISFACTION OF REQUIREMENTS OF 28 U.S.C. §1446**

30.    Attached as Exhibits A through D to this Notice of Removal are the processes, pleadings and orders provided to Defendant.

31.    As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely.  (See Childs' Decl., at ¶¶ 2-4)

32.    As required by 28 U.S.C. §1446(d), Defendant provided Notice of Removal to Plaintiff through her attorneys of record.

33.    A copy of the original Notice of Removal will be filed with the Superior Court of California, County of San Diego.

34.    In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

**VI.    CONCLUSION**

35.    For the foregoing reasons, Defendant removes the above-entitled action to the United States District Court for the Southern District of California.

DATED:  April 5, 2018                 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  */s/ Tracie Childs*
                                       Tracie Childs
                                       Attorneys for Defendant
                                       STERLING JEWELERS INC.

33630378.1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1442 & 1332(D)